# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON ARCE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14003** |
| **LOUISIANA STATE, ET AL** | **SECTION: "I" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Substitution of Party under Federal Rule of Civil Procedure 25(a)(1) (R. Doc. 66)** filed by Ana Christine Shelton in her capacity both as the Natural Tutrix of minor children S.A. and T.A. as well as the Independent Administratrix of the Succession of Nelson Arce ("Shelton") seeking to be substituted in place of Nelson Arce, who has died. The motion is not opposed. The motion was submitted on August 9, 2017. For the following reasons, the motion is **GRANTED.**

## I. Background

This action was originally filed in the District Court on August 22, 2016 by Nelson Arce and his Father, Larzaro Arce. The Plaintiffs filed this action asserting claims that the Defendants violated their rights under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. R. Doc. 1. Plaintiff Nelson Arce has passed away. R. Doc. 66-1, p. 2; 66-2, p. 2. At this time then, Shelton has filed the instant motion to be substituted as plaintiff in the place of Nelson Arce in her as the Natural Tutrix of Arce's minor children S.A. and T.A. and as the Independent Administratrix of the Succession of Nelson Arce. R. Doc. 66-1, p. 2.

## II. Standard of Review

Under Federal Rule of Civil Procedure 25(a)(1): "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. . .[which] may be made by any party or by the deceased successor or representative." "Under [Rule] 25, the surviving spouse must

either notify the Court that the estate has been distributed without being filed for probate, or she must become appointed executrix of decedent's estate." *Hanover Ins. Co. v. White Kitchen Square, Ltd.*, No. 93-1826, 1994 WL 151094, at *1 (E.D. La. Apr. 12, 1994). *Accord, Ashley v. Ill. C. Gulf. R. Co.,* 98 F.R.D. 722, 723 (S.D. Miss. 1983) ("Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased.").

### III.   Analysis

At this time then, Shelton has filed the instant motion to be substituted as plaintiff in the place of Nelson Arce. R. Doc. 66. Before turning to whether Shelton is the proper party to be substituted in the place of Nelson Arce, the Court notes that there appears to be a split among the Circuits as to how to determine if claims arising under the ADA or the RA survive the death of a party. In particular, some Courts take the position that 42 U.S.C. § 1988(a)[1] is applicable to ADA and RA claims, and, as such, those Courts look to the relevant state survival statute. *See, e.g., Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895 (7th Cir.1997) (stating that "state law governs the survival of statutory civil rights actions like the ADA claim" as well as a Section 1983 claim); *see also Cardella v. C.V.S. Caremark Corp.*, No. 08-1656, 2010 WL 1141393, at *1 & n.1 (N.D. Tex. Mar. 25, 2010) (noting that "the Fifth Circuit recently applied 42 U.S.C. § 1988(a), which directs courts to apply state common law where there are legislative gaps in the remedies provided for

---

[1] 42 U.S.C. § 1988(a) reads: "The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

certain types of civil rights violations" but citing disagreement with that approach).[2] Other Courts find that § 1988(a) is inapplicable and, therefore, apply federal common law to determine if the ADA and RA claims survive. *See, e.g., Kettner v. Compass Group USA, Inc.*, 570 F. Supp. 2d 1121, 1126-1133 (D. Minn. 2008).

While the Petitioner urges the Court to adopt the approach that applies the federal common law, the Court need not decide the more appropriate approach at this time. Nelson Arce's claims survive under the federal common law, which allows for the survival of claims that are remedial in nature. *See Kettner*, 570 F. Supp. 2d at 1134 (quoting *Estwick v. U.S. Air Shuttle*, 950 F.Supp. 493, 498 (E.D.N.Y.1996)) ("noting that under the Federal common law only 'actions which are penal in nature do not survive the death of party,' and the ADA 'has been held to be remedial in nature.'"). Similarly, his claims survive under Louisiana's survival statute which allows for the survival of all claims of damages for a period of one year following the death of the deceased. La. Civ. Code. Ann. art. 2315.1(A) ("If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased"); *cf. Bell v. Foster Wheeler Energy Corp.*, 2017 WL 979023, at *1 n.1 (E.D. La. Mar. 13, 2017) (Africk, J.) ("The Louisiana Civil Code provides for the survival of tort claims without qualification.").

Additionally, regardless of the approach, Shelton is the proper party to be substituted as the natural tutrix of Nelson Arce's surviving minor children and the administratrix of his estate.

---

[2] Note, this appears to be the approach favored by the Fifth Circuit. *See Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 161 (5th Cir. 2016) (citing *Hutchinson*, 126 F.3d at 898) ("We may consider that common law rule in determining who may assert a claim for a minor's compensatory damages under the ADA or Rehabilitation Act, just as other courts have looked to the common law to determine when federal civil rights claims survive the death of the person aggrieved.").

*See* Fed. R. Civ. P. 25(a)(1) ("motion for substitution may be made by any party or by the decedent's successor or representative"); Fed. R. Civ. P. 17(1) ("The following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator; (C) a guardian…"); La. Civ. Code. Ann. art. 2315.1(A)(1) (noting that action survives "in favor of…[t]he surviving spouse and child or children of the deceased, or either the spouse or the child or children.").

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion for Substitution of Party under Federal Rule of Civil Procedure 25(a)(1) (R. Doc. 66)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Ana Christine Shelton in her capacity both as the Natural Tutrix of minor children S.A. and T.A. as well as the Independent Administratrix of the Succession of Nelson Arce be substituted as a party in place of Nelson Arce.

**IT IS FURTHER ORDERED** that the Clerk's Office shall file the proposed amended complaint (R. Doc. 66-10) into the record.

New Orleans, Louisiana, this 10<u>th</u> day of August 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**