# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON ARCE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-14003** |
| **LOUISIANA STATE ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion *in limine*[1] filed by plaintiffs.[2] The motion seeks to preclude defendants from offering testimony and documentary evidence concerning the specific charge for which Nelson was convicted, as well as the reasons that Nelson Arce was discharged from drug treatment facilities. Plaintiffs argue that such evidence is irrelevant, unfairly prejudicial, inadmissible hearsay, and/or inadmissible character evidence. The motion also seeks to preclude the State of Louisiana ("Louisiana") from arguing that Nelson had a propensity to violate probation. Louisiana opposes[3] the motion in part.

For the following reasons, the motion is denied in part, deferred in part, and dismissed as moot in part.

---

[1] R. Doc. No. 98.
[2] The Court notes that Lazaro Arce's claims against Louisiana have been dismissed. R. Doc. No. 111. Further, Sheriff Joseph Lopinto has moved to dismiss Lazaro's claims against him in his official capacity on the same basis that the Court dismissed Lazaro's claims against Louisiana. R. Doc. No. 89. While the Court has not yet ruled on Sheriff Lopinto's motion, the Court doubts that Lazaro has standing to file the present motion.
[3] R. Doc. No. 117. Louisiana has informed the Court that it retracts the following clause from its memorandum: "a term that appears nowhere in Nelson's probation documents or criminal file." *Id.* at 7. Further, Sheriff Lopinto has informed the Court that he does not intend to respond to the motion, as the motion only concerns disputed issues between plaintiffs and Louisiana.

1

# I.

Plaintiffs argue that the Court should preclude testimony and documentary evidence concerning Nelson's criminal history—more specifically, the charge that resulted in his probation—as irrelevant under Rules 401 and 402, unfairly prejudicial under Rule 403, and inadmissible character evidence under Rule 404. While plaintiffs admit that "the jury will need some basic background information to understand the nature of [their] allegations," they nonetheless argue that Nelson's criminal history is "wholly irrelevant" to the case.[4] According to plaintiffs, "the jury does not need to know the charge for which Nelson was convicted and sentenced, the fact that his sentence was suspended and probation was ordered in its place, or Nelson's complete criminal history." In their view, "the only purpose for offering this information is to impugn Nelson Arce's character and ask the jury to infer that . . . he was a bad person or a junkie and thus perhaps deserving of the discrimination he [allegedly] suffered."[5]

Louisiana counters that "certain basic information regarding Nelson's conviction is helpful to the jurors' understanding of the case and the reasons why . . . it was significant in the State's eyes that Nelson complete inpatient drug rehabilitation and not use drugs, and ultimately, why his probation was revoked."[6] Moreover, Louisiana contends that "the identity of the crime to which Nelson pleaded guilty is relevant . . . to issues surrounding Nelson's probation requirements and

---

[4] R. Doc. No. 98-1, at 4.
[5] *Id.*
[6] R. Doc. No. 117, at 4.

2

subsequent violations."[7] Louisiana also views plaintiffs' request to exclude evidence that Nelson's sentence was suspended and that probation was ordered as "nonsensical," given the fact that plaintiffs' case against Louisiana expressly concerns "actions that occurred *while Nelson was on probation*."[8]

Further, Louisiana states that it "does not intend to argue that Nelson was a bad person because of his convictions."[9] Louisiana goes on to state that it "has been willing to compromise" with plaintiffs: it is "willing to redact references to 'heroin possession' from the record, as long as the jury may be informed that Nelson pleaded guilty to 'drug possession.'"[10]

The Court concludes that the categorical exclusion of all testimony and documentary evidence concerning Nelson's conviction would be improper. First, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "[T]he standard of relevance in an evidentiary context is not a steep or difficult one to satisfy." *Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 321 (5th Cir. 2014). Louisiana has demonstrated that this category of evidence is relevant to the case. In particular, Louisiana points out that Nelson's conviction provides context for the terms and conditions of probation imposed on Nelson.

---

[7] *Id.*
[8] *Id.* (emphasis in original).
[9] *Id.*
[10] *Id.* at 5.

3

Relevant evidence is admissible unless otherwise provided by the Constitution, a federal statute, another Federal Rule of Evidence, or another rule prescribed by the Supreme Court. Fed. R. Evid. 402. Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Fifth Circuit has counseled that Rule 403 is meant to be applied "sparingly." *Baker v. Can. Nat./Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008). Moreover, Rule 404 severely restricts the admissibility of evidence to support propensity-based arguments. *See* Fed. R. Evid. 404.

The Court concludes that Louisiana's representations about its intended use of Nelson's conviction, coupled with its willingness to instruct its witnesses to not mention the particular drug at the center of the conviction (and to redact the same from documentary evidence), adequately addresses plaintiffs' Rule 403 and 404 concerns. With respect to plaintiffs' Rule 403 objection in particular, the danger of unfair prejudice does not substantially outweigh the probative value of the fact that Nelson's probation arose from a conviction for drug possession. The Court also notes that it is willing to provide a limiting instruction to the jury regarding Nelson's conviction, should plaintiffs request such an instruction.

## II.

Plaintiffs also argue that the Court should preclude testimony and documentary evidence about the reasons why elson was discharged from drug treatment facilities. They argue that such evidence is inadmissible hearsay under

4

Rules 801 and 802, irrelevant under Rules 401 and 402, unfairly prejudicial under Rule 403, and inadmissible character evidence under Rule 404.

Plaintiffs first argue that "[a]ny information concerning Nelson Arce's discharge from various drug treatment facilities and the reasons [for the discharge] would be impermissible hearsay."[11] According to Louisiana, it expects plaintiffs to argue at trial that Nelson's probation officer moved to revoke Nelson's probation because she learned that Nelson had left Louisiana.[12] Louisiana states that it "intends to introduce evidence that [Nelson's probation officer] had learned of other probation violations as well (not just leaving the state), including Nelson's failure to complete a mandatory inpatient drug rehabilitation program and failed drug tests."[13] Thus, "[i]t is the fact of the communication rather than the substance of the communication that is at issue and is thus non-hearsay."[14]

The Court concludes that the categorical exclusion on hearsay grounds of all testimony and documentary evidence concerning Nelson's discharge from drug treatment programs is improper. Under the Federal Rule of Evidence 801(c),

"Hearsay" means a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

---

[11] R. Doc. No. 98-1, at 6.
[12] R. Doc. No. 117, at 6.
[13] *Id.*
[14] *Id.*

5

However, a party may offer an out-of-court statement for other reasons. For example, where the out-of-court statement is "offered to show the effect on the listener"—precisely how Louisiana indicates that it intends to use evidence regarding why Nelson was discharged from drug treatment programs—then it is by definition not hearsay under the Federal Rules of Evidence. *White v. Fox*, 470 Fed. App'x 214, 222 (5th Cir. 2012).

The Court also concludes that such a categorical exclusion is not warranted on any other basis asserted by plaintiffs. The evidence is relevant as to why Nelson's probation officer moved to revoke Nelson's probation. While this category of evidence may be prejudicial to plaintiffs' position, it is not unfairly so—and thus does not run afoul of Rule 403. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403.").

Nevertheless, the Court will defer a formal ruling as to such testimony in the event that such testimony is offered at trial. At that point, the Court will be in a better position to consider the specific questions asked of the witnesses. The Court is also willing to provide a limiting instruction to the jury concerning the permissible use of this category of evidence, in the event that plaintiffs request the same.

**III.**

Lastly, plaintiffs argue that Louisiana "cannot be permitted to argue to the jury that because Nelson was convicted of possession of heroin or because he was discharged from treatment facilities, he was a bad person who would have violated

6

probation regardless of whether or not he was provided with effective communication."[15] Louisiana represents that it "does not intend to argue that Nelson was a bad person who had a propensity to break the law or violate rules."[16] Given this representation, plaintiffs' objection is moot.

IV.

Accordingly,

**IT IS ORDERED** that, to the extent that the motion seeks to preclude Louisiana from offering a propensity-based argument, the motion is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that the motion seeks to preclude testimony about the reasons why Nelson's probation officer moved to revoke Nelson's probation, the motion is **DEFERRED**.

In all other respects, the motion is **DENIED**.

New Orleans, Louisiana, November 20, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. No. 98-1, at 8.
[16] R. Doc. No. 117, at 8.

7