# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NELSON ARCE ET AL. | CIVIL ACTION |
| VERSUS | No. 16-14003 |
| LOUISIANA STATE ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by Sheriff Joseph Lopinto for summary judgment with respect to Lazaro Arce's claims under Title II of the ADA and § 504 of the Rehabilitation Act. Lazaro opposes[2] the motion. For the following reasons, the motion is granted.

## I.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[1] R. Doc. No. 89; *see also* R. Doc. No. 122.
[2] R. Doc. No. 129.

1

Once the party seeking summary judgment carries its initial burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue of material fact is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* However, the nonmoving party's evidence "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

Moreover, "[a]lthough the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting 11 Moore's Federal Practice–Civil ¶ 56.91 (2017)). "This flexibility allows the court to consider the evidence that would likely be admitted at trial . . . without imposing on parties the time and expense it takes to authenticate everything in the record."

2

*Maurer v. Independence Town*, No. 16-30673, 2017 WL 3866561, at *3 (5th Cir. Sept. 5, 2017).

## II.

Sheriff Lopinto argues that Lazaro's claims against him in his official capacity fail for the same reasons that Louisiana claimed that Lazaro's analogous claims against it failed—namely, that neither Title II or § 504 recognize associational discrimination claims, and that Lazaro has failed to state such claims even if they do.[3] The Court has already concluded that these statutes recognize associational discrimination claims.[4]

Lazaro alleges that he "was injured because he was not afforded equal access to communicate with Nelson while Nelson was at JPCC as he would have been if Nelson were hearing."[5] The only evidence to which Lazaro points to support this allegation is his own interrogatory response, wherein he repeats the same.[6] However, Sheriff Lopinto bases his motion for summary judgment not on the sufficiency of Lazaro's evidence in support of his claims, but rather on the alleged failure by Lazaro to state claims at all.[7] The Court will thus limit its consideration of Sheriff Lopinto's motion to that argument.

---

[3] *See* R. Doc. No. 89, at 4-5; *see also* R. Doc. No. 131.
[4] *See* R. Doc. No. 131.
[5] R. Doc. No. 129, at 6.
[6] *See* R. Doc. No. 129-2, at 3.
[7] The Court notes that Sheriff Lopinto invokes dicta from the Court's Order and Reasons dismissing Jefferson Parish from this case to argue that the amount of access Nelson had to the TTY machine was sufficient as a matter of law. *See* R. Doc. No. 122, at 4. However, the Court need not consider that dicta to resolve the present motion.

3

Despite Lazaro's characterization, the allegation at the center of his claims involves *Nelson's* alleged denial of equal access to communication, *not* Lazaro's. After all, Nelson was the one incarcerated in JPCC. Any harm suffered by Lazaro was merely derivative of the alleged harm suffered by Nelson. As the Court previously explained, "[s]uch a harm . . . is not enough" to support liability for associational discrimination under Title II.[8] *See* 42 U.S.C. § 12132 (Title II nondiscrimination provision); 28 C.F.R. § 35:130(g) (Title II regulation proscribing associational discrimination); *cf. United States v. Nobel Learning Communities*, Inc., No. 09-1818, 2010 WL 1047730, at *4 (E.D. Pa. Mar. 24, 2010) (McLaughlin, J.) (concluding that Title III associational discrimination claims require allegations that a plaintiff "experienced direct discrimination because of his or her association with a disabled person" and that allegations "premised on a derivative benefit or harm based on treatment towards a disabled person" are insufficient).

The Fifth Circuit has noted that "[j]urisprudence interpreting either [Title II or § 504] is applicable to both." *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *see also Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (en banc) ("The ADA and the Rehabilitation Act generally are interpreted *in pari materia*."). Therefore, Lazaro's § 504 claim against Sheriff Lopinto based on this allegation fails for the same reason. *See* 29 U.S.C. § 794(a) (§ 504 nondiscrimination provision).

### III.

Lazaro also alleges that Sheriff Lopinto "ignored Lazaro's repeated requests for an interpreter on behalf of his son" and that Sheriff Lopinto indicated that Lazaro

---

[8] R. Doc. No. 131, at 29.

"could not request an interpreter on behalf of his son."[9] Lazaro further alleges that Sheriff Lopinto "would allow a family member of a non- English-speaking inmate to inform staff of the need for an interpreter for the non-English speaking inmate."[10]

To the extent that Lazaro bases his Title II and § 504 claims on such allegations, the claims still fail. This allegation of discrimination—that Sheriff Lopinto treated the families of deaf inmates differently than he treated the families of non-English-speaking inmates—focuses on the wrong comparators. The relevant comparators are the family members of inmates without disabilities. *Cf. Maples v. Univ. of Tex. Med. Branch at Galveston*, 901 F. Supp. 2d 874, 881 n.6 (S.D. Tex. 2012) (Costa, J.) ("The relevant comparators [in the Title II and § 504 context] are students without disabilities, just as in a sex discrimination case a female plaintiff would need to show that males were treated more favorably.").

While the correct comparator class may—and likely does—include at least some family members of non-English-speaking inmates, the two classes are not coterminous. Without an allegation that Sheriff Lopinto treated Lazaro differently than he treated the family members of nondisabled inmates—more specifically, the family members of non-deaf inmates—then Lazaro has not alleged that Sheriff Lopinto discriminated against him because of Nelson's disability.

### IV.

Accordingly,

---

[9] R. Doc. No. 129, at 2.
[10] *Id.*

5

**IT IS ORDERED** that the motion is **GRANTED** and that Lazaro Arce's claims against Sheriff Lopinto are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 22, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**