# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NELSON ARCE ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-14003** |
| **LOUISIANA STATE ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by Ana Christine Shelton ("plaintiff")[2] that, in part, seeks redactions from the State of Louisiana's Exhibit 8.[3] Louisiana opposes[4] the motion. For the following reasons, the motion is granted in part, denied in part, deferred in part, and denied as moot in part.

## I.

First, plaintiff objects to three sections of Exhibit 8 on grounds of authenticity, hearsay, relevance, and prejudice. These sections are 1) an email from an individual named Deena Provance to Nelsons' probation officer regarding Nelson's discharge from a drug treatment program;[5] 2) a sentence documenting the substance of a telephone conversation between an individual named Jessie Wilson and Nelson's probation officer;[6] and 3) three paragraphs documenting the substance of a telephone

---

[1] *See* R. Doc. No. 100.
[2] All claims by Lazaro Arce have been dismissed. Therefore, Ana Christine Shelton is the only plaintiff remaining in the case.
[3] *See* R. Doc. No. 100-10.
[4] R. Doc. No. 130-3.
[5] R. Doc. No. 100-10, at 5.
[6] *Id.* at 10.

1

conversation between an individual named Junko Nagamatsu and Nelson's probation officer.[7]

After reviewing the parties' briefing, the Court has concluded that it will defer a formal ruling on the authentication and hearsay challenges to these sections of Exhibit 8 until trial. At that point, the Court will be in a better position to consider 1) whether Louisiana has sufficiently authenticated Exhibit 8 for purposes of Rule 901; and 2) whether Louisiana has demonstrated that the objected-to portions of Exhibit 8 comply with the Federal Rules of Evidence's hearsay regime,[8] either because they not being offered for the truth of the matter asserted or because they fall within an exception to the general prohibition against hearsay. *See, e.g., In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179, 2012 WL 85447, at *3 (Jan. 11, 2012) (Barbier, J.) (discussing the admissibility of emails via the business records exception); *see also, e.g., United States v. Cone*, 714 F.3d 197, 219-20 (4th Cir. 2013) (same).[9]

With respect to plaintiff's request to redact these sections of Exhibit 8 on the grounds of relevance and prejudice, the request is denied. Louisiana has adequately explained their relevance for purposes of Rules 401 and 402—namely, to counter plaintiff's allegations concerning why Nelson's probation officer moved to revoke Nelson's probation.[10] *See Pub. Emps. Retirement Sys. of Miss. v. Amedisys, Inc.*, 769

---

[7] *Id.* at 13.
[8] The Court points out that "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805.
[9] The Court advises counsel to review these opinions prior to trial.
[10] *See* R. Doc. No. 130-3, at 2-3.

2

F.3d 313, 321 (5th Cir. 2014) ("[T]he standard of relevance in an evidentiary context is not a steep or difficult one to satisfy.").

Moreover, the Court concludes that these sections of Exhibit 8 do not run afoul of Rule 403. Plaintiff seems convinced that Louisiana seeks to admit them in order to put forward a propensity-based argument.[11] However, Louisiana has explained how it intends to use these sections, and it is not to put forward such an argument. While prejudicial to plaintiff's position, they are not unfairly so. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403.").

## II.

Next, plaintiff objects to 1) several references to specific drugs of which Nelson admitted or denied use, or for which he tested positive, during probation;[12] and 2) a reference to the specific pending criminal charges against Nelson in Plaquemines Parish.[13] Plaintiffs requests their redaction on the grounds of relevance, prejudice, and improper character evidence.

## A.

With respect to plaintiff's request to redact the references to specific drugs—namely, heroin, cocaine, and THC—Louisiana has adequately explained their

---

[11] *See* R. Doc. No. 114, at 12.
[12] R. Doc. No. 100-10, at 6, 16, 17. The Court acknowledges that plaintiff highlighted a reference to heroin on page 6 of Exhibit 8, *see id.* at 7, but she did not then discuss it in the memorandum in support of her motion. Therefore, the Court will likewise not discuss it.
[13] *Id.* at 7.

3

relevance to the case for purposes of 401 and 402: clarifying the motivation behind Nelson's probation officer decision to move to revoke Nelson's probation.[14] Moreover, their relevance does *not* involve an argument by Louisiana that Nelson "was a bad person who would have violated probation regardless of whether or not he was provided with effective communication."[15] *See* Fed. R. Evid. 404.

Moreover, the Court notes that plaintiffs object to some—but not all—references to Nelson testing positive for cocaine and THC. On page 15, plaintiffs object to the sentence, "He tested positive for Coc and THC," but do not object to the header indicating that he tested positive for those drugs.[16] On page 16, plaintiffs likewise object to a reference to Nelson's position on testing positive for THC, but again do not object to the header indicating the same.[17] Because the jury would be privy to Nelson's positive tests for cocaine and THC regardless of whether the Court orders the terms "cocaine" and "THC" redacted, the Court discerns no Rule 403 problem with their use.

However, the Court concludes that the probative value of referencing heroin "is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. First, the probative value of identifying heroin is low in light of the obvious and equitable alternative: redacting the name of the drug and using the generic term

---

[14] R. Doc. No. 130-3, at 3. The Court rejects and is not persuaded by Louisiana's contention that three documented instances of Nelson admitting to using, or testing positive for, these particular drugs—spread out over a one-year period—are relevant to whether Nelson suffered emotional distress as a result of Louisiana's alleged treatment toward him. *See id.* at 4.
[15] R. Doc. No. 114, at 15.
[16] *See* R. Doc. No. 100-10, at 16.
[17] *See id.* at 17.

4

"unlawful drug."[18] *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) ("[A] reading of the companions to Rule 403, and of the commentaries that went with them to Congress, makes it clear that what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives."). In contrast, and considering in particular the facts of this case, the danger of unfair prejudice to plaintiff that may result from including a mention of heroin is substantial, given the stigma historically attached to it.

Therefore, the Court orders Louisiana to redact as follows: On page 5, remove "heroin" and replace it with "an unlawful drug."[19] On page 16, remove "heroin" and replace it with "an unlawful drug."[20]

**B.**

With respect to plaintiff's request to redact the reference to the specific pending criminal charges against Nelson in Plaquemines Parish, Louisiana has informed the Court that it does not object to plaintiff's requested redaction. Therefore, plaintiff's request is moot.

**III.**

Plaintiff then objects to two statements concerning Lazaro's frustration with Nelson.[21] She contends that both statements should be redacted from Exhibit 8 on

---

[18] The Court points out that Louisiana agreed to not mention the particular drug at the center of Nelson's conviction. R. Doc. No. 121, at 4.
[19] *See* R. Doc. No. 100-10, at 6.
[20] *Id.* at 17.
[21] *See id.* at 8 ("He then asked if we could lock Nelson up because he (father) has to work & the grandparents can't baby-sit Nelson."); *id.* at 10 ("that father called seeking assistance with subject, 'he wants Nelson arrested'").

the grounds of relevance, prejudice, and improper character evidence. The Court will defer a formal ruling on these objections until trial, at which point the Court will be in a better position to consider their merits.

## IV.

Finally, plaintiff objects to portions of two written recordings by Nelson's probation officer regarding two meetings between herself and Nelson.[22] She contends that these portions of the recordings constitute "rank speculation in violation of" Rules 602.[23] Plaintiff also discusses Rule 701.[24]

Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "Evidence to prove personal knowledge may consist of the witness's own testimony." *Id.* Relatedly, Rule 701 provides that a non-expert witness who intends to provide "testimony in the form of an opinion" must limit her opinions to ones that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

---

[22] *See id.* at 16 ("The conditions of supervision were *read* by the subject, signed and explained to the offender . . . The offender *indicated he understood the conditions as outlined and had no problems communicating with me by means of reading the forms and handwriting questions to each other*.") (emphasis added); *id.* at 17 ("We *communicated with* handwriting notes – *he seemed very comfortable the* [sic] *this type of communication*.") (emphasis added).
[23] R. Doc. No. 114, at 18.
[24] *Id.* at 17.

The Court notes that Louisiana does not contest Rule 602's application to the objected-to portions of Exhibit 8.[25] Therefore, the Court will likewise not question its application.[26] *Cf. Diluzio v. Village of Yorkville, Ohio*, No. 11-1102, 2014 WL 12652326, at *4 (S.D. Ohio Mar. 26, 2014) (Watson, J.) (applying Rule 602 to an email in a situation where its application is not contested).

With respect to plaintiff's request to redact the word "read" and the phrase "indicated he understood the conditions as outlined and had no problems communicating with me by means of reading the forms and handwriting questions to each other" on page 15, the Court denies the request.[27] Nelson's probation officer need not describe whether Nelson's eyes moved across a document, or for how long Nelson stared at it. Further, Nelson's probation officer provided sufficient detail regarding her interaction with Nelson to support her statement about what Nelson "indicated" to her. If plaintiff would like to provide fuller context and challenge the probation officer's representation, she may do so via cross-examination.

The Court also denies plaintiff's request with respect to the phrase "communicated with" on page 16.[28] The probation officer's mention of the use of handwritten notes sufficiently supports her contention that she "communicated with" Nelson. It is a separate and distinct question whether the communication was effective.

---

[25] *See* R. Doc. No. 130-3, at 6-7.
[26] *But cf. McCue v. Kansas*, No. 95-2116, 1997 WL 231044, at *4 (D. Kan. Apr. 24, 1997) (Saffels, J.) ("The court has serious doubts about the application of Fed. R. Evid. 602 to the facts of this case. . . . Here, defendant is contesting the admission of certain statements made by plaintiff's counsel in a letter, not as a testifying witness.).
[27] R. Doc. No. 100-10, at 16.
[28] *Id.* at 17.

7

However, the Court will defer plaintiff's request to redact the following phrase on page 16: "He seemed very comfortable the [sic] this type of communication."[29] At trial, the probation officer can be questioned about it, and the Court will be in a better position to resolve the objection.

V.

Accordingly,

**IT IS ORDERED** that plaintiff's motion is granted in part, deferred in part, denied in part, and dismissed as moot in part as set forth above.

New Orleans, Louisiana, November 22, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[29] *Id.*