UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NELSON ARCE ET AL.                                         CIVIL ACTION

VERSUS                                                     No. 16-14003

LOUISIANA STATE ET AL.                                     SECTION I

## ORDER AND REASONS

Before the Court are four motions *in limine*[1] filed by the State of Louisiana. For the following reasons, the motions are granted in part and deferred in part.

### I.

Louisiana moves to preclude the testimony of Ana Christine Shelton ("plaintiff") and Scott Huffman ("Huffman").[2] According to Louisiana, "[a]ny testimony offered by these two witnesses should be excluded because neither witness has first-hand or otherwise admissible information concerning the facts of this case."[3] Louisiana further argues that "the proposed testimony to be offered by Huffman constitutes an improper attempt to instruct the jury on the law . . . and an improper attempt to elicit expert testimony."[4]

Plaintiff counters that both she and Huffman possess relevant first-hand information. Plaintiff, who is the mother of Nelson's two children and alleges to have been "very close" to Nelson, asserts that her own testimony will concern "Nelson's

---

[1] *See* R. Doc. No. 103; R. Doc. No. 104; R. Doc. No. 106; R. Doc. No. 108.
[2] R. Doc. No. 108.
[3] R. Doc. No. 108-1, at 1.
[4] *Id.*

1

mood, behavior, and reaction to the discrimination he encountered in Probation and Parole and in JPCC," and thus her testimony "is highly relevant to the quantum of damages that should be awarded."[5] Plaintiff further asserts that the testimony of Huffman—a professional sign language interpreter and Nelson's friend—will cover several topics, including "Nelson's mood and behavior *before* the discrimination; and . . . Nelson's mood, behavior, and emotional distress *after* the discrimination."[6] Plaintiff contends that, contrary to Louisiana's suggestion, Huffman will not offer expert testimony and will not testify as to the law.[7]

The Court concludes that a blanket prohibition on the ability of plaintiff and Huffman to offer testimony in this case is unwarranted, as both witnesses may be able to offer testimony that complies with the Federal Rules of Evidence. Nevertheless, the Court will defer a formal ruling as to their testimony in the event that they are called as witnesses at trial. At that point, the Court will be in a better position to consider the specific questions asked of them.

## II.

Louisiana next moves the Court to prohibit plaintiff from introducing two affidavits—one executed by Nelson Arce and the other by Lazaro Arce—as substantive evidence in the case.[8] Louisiana contends that these affidavits constitute inadmissible hearsay.

---

[5] R. Doc. No. 144, at 2.
[6] *Id.* at 3.
[7] *Id.* at 5-6.
[8] R. Doc. No. 103.

2

Under the Federal Rules of Evidence, hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not generally admissible. Fed. R. Evid. 802. However, the Federal Rules of Evidence are riddled with exclusions from and exceptions to this general prohibition. *See* Fed. R. Evid. 801(d), 803, 804, 807. Moreover, if a party offers a statement to prove something *other than* the truth of the matter asserted—for example, the statement's effect on the listener—then the statement falls outside the Federal Rule of Evidence's definition of hearsay.

Plaintiff does not dispute that these affidavits constitute hearsay, but argues that both are admissible via Federal Rule of Evidence 807.[9] This rule provides that "a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception" if four circumstances are met:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807(a). The Fifth Circuit has counseled that "[t]he [807] exception is to be 'used only rarely, in truly exceptional cases.'" *United States v. Phillips,* 219 F.3d

---

[9] *See* R. Doc. No. 145, at 2-5.

404, 419 n. 23 (5th Cir. 2000) (quoting *United States v. Thevis,* 665 F.2d 616, 629 (5th Cir. 1982)).

"[T]he proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force." *Id.* (alteration in original). "[I]n order to find a statement trustworthy, a court must find that the declarant of the . . . statement was particularly likely to be telling the truth when the statement was made." *Id.* (internal quotation marks omitted) (alteration in original). "The determination of trustworthiness is drawn from the totality of the circumstances surrounding the making of the statement, but [it] cannot stem from other corroborating evidence." *United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011) (internal quotation marks omitted) (alteration in original). The evidence "must be at least as reliable as evidence admitted under a firmly rooted hearsay exception . . . [and] must similarly be so trustworthy that adversarial testing would add little to its reliability." *Id.* (internal quotation marks omitted) (alteration in original).

With respect to Lazaro's affidavit, Lazaro will be available to testify at trial. Thus, his affidavit is not "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(3). Based on the arguments made in support of admission, the Court grants Louisiana's request to exclude Lazaro's affidavit in its entirety.

With respect to Nelson's affidavit, Nelson executed the affidavit amid ongoing litigation in which he had a financial interest and in support of his own motion for a preliminary injunction. Given that Louisiana will not have an opportunity to cross-

examine Nelson as to the allegations in his affidavit—indeed, Louisiana did not even have an opportunity to depose Nelson—the Court concludes that admission of the affidavit in its entirety will be highly prejudicial to Louisiana and thus it will not "best serve the purposes of [the Federal Rules of Evidence] and the interests of justice." Fed. R. Evid. 807(a)(4); *cf. ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 198 F. Supp. 2d 598, 626 (E.D. Pa. 2002) (declining to admit under Rule 807 the sworn affidavits of an unavailable witness where, "at the very moment that he swore the affidavits, he was employed by the party on whose behalf he filed the affidavits and therefore had a 'financial interest' in the outcome of the case" for which those affidavits were created); *Tatum v. Pactiv*, No. 06-83, 2007 WL 2746647, at *2 (M.D. Ala. Sept. 19, 2007) (Strom, J.) (declining to admit under 807 a videotaped statement of a deceased witness in part because the statement was made "in anticipation of litigation" and the defendants "had no opportunity to cross-examine or speak with [the witness] prior to his death"); *Exe v. Fleetwood RV, Inc.*, No. 11-70, 2013 WL 2145595, at *6 (N.D. Ind. May 14, 2013) (Cosbey, M.J.) (observing, in the process of excluding a deceased expert witness's affidavit, that certain statements in the affidavit "were made in anticipation of litigation and, having been signed just six days before the motion for sanctions was filed, apparently to accompany that motion").

Plaintiff also argues that portions of Nelson's affidavit are admissible "to prove that a verbal act was performed—Nelson made a request to Lisa Maise that the State

5

provide him with a sign language interpreter."[10] In particular, plaintiff identities two statements in the affidavit as admissible for this purpose: "I have repeatedly asked Lisa Maise to provide me with a qualified interpreter for my probation meetings," and "I continued to request that Ms. Maise provide me with an interpreter for all probation meetings."[11]

"The verbal acts doctrine permits a witness to testify to the fact that an out-of-court conversation occurred rather than to the truth of matters asserted therein." *United States v. Alvarez*, 584 F.2d 694, 697 (5th Cir. 1978); *see also* Federal Courtroom Evidence § 801.3 (May 2017) ("Verbal acts are statements that do not constitute hearsay. A 'verbal act' is an utterance that is an operative fact giving rise to legal consequences."). "The verbal acts doctrine applies only where the out-of-court statement actually affects the legal rights of the parties, or where legal consequences flow from the fact that the words were said." *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1088 (10th Cir. 2001) (internal quotation marks omitted). The "classic examples of verbal acts" involve "offer and acceptance." *United States v. Moreno*, 233 F.3d 937, 940 (7th Cir. 2000).

The Court concludes that Nelson's alleged requests to his probation officer to provide him with a qualified ASL interpreter for their meetings may qualify as verbal acts. Regulations promulgated by the Attorney General to implement Title II provide that, "[i]n determining what types of auxiliary aids and services are necessary" to

---

[10] *Id.* at 6.
[11] R. Doc. No. 103-2, at 2-3.

6

ensure effective communication, "a public entity shall give primary consideration to the requests of individuals with disabilities." 28 C.F.R. § 35.160(b)(2). Thus, a witness may be able to testify at trial to the fact that the requests were made.

However, the identified statements in Nelson's affidavit are another story. Plaintiff seeks to offer these out-of-court statements for the truth of matter asserted— namely, that Nelson continually requested a sign language interpreter for his probation meetings. In other words, Nelson's requests to his probation officer for a sign language interpreter may constitute verbal acts, but the identified statements in the affidavit regarding those requests are not verbal acts. Rather, the statements are assertions that a verbal act was performed, and plaintiff herself has indicated that she intends to offer them at trial "to prove that a verbal act was performed"— worded differently, to prove the truth of the matter asserted.[12] As such, the statements are hearsay, pure and simple. The Court therefore grants Louisiana's request to exclude Nelson's affidavit in its entirety.

### III.

Louisiana also moves the Court to prohibit plaintiff from "introducing any testimony, documentary evidence, or argument regarding the State's policies and procedures, or suggested changes to those policies and procedures," concerning deaf individuals.[13] Louisiana contends that such argument or evidence is irrelevant to plaintiff's remaining claims in the case.[14]

---

[12] R. Doc. No. 145, at 6.
[13] R. Doc. No. 104-1, at 3.
[14] *Id.* at 1.

7

The Court concludes that a categorical bar on testimony, documentary evidence, or argument concerning the state's policies and procedures is not warranted.[15] However, the Court will defer a formal ruling as to the relevance of such evidence in the event that any is offered at trial. At that point, the Court will be better positioned to evaluate plaintiff's theories of relevance as to such evidence.

### IV.

Finally, Louisiana moves the Court "to prohibit plaintiffs from eliciting expert opinion testimony from lay witnesses and experts not previously disclosed by the plaintiffs."[16] In particular, Louisiana objects to two of plaintiff's potential witnesses, Daniel Burch ("Burch") and Huffman.[17]

As the Court previously explained with respect to a separate motion *in limine* filed by Louisiana, the Court will not categorically bar Huffman from offering testimony in this case. Plaintiff has represented that she does not intend to elicit expert testimony from Huffman,[18] and the Court has concluded that Huffman may be able to offer testimony that complies with the Federal Rules of Evidence.

With respect to Burch, Louisiana acknowledges that Burch is "an expert in his field" who "prepared a training program for the State's employees regarding

---

[15] *See* R. Doc. No. 135, at 3 (plaintiff explaining her theories of relevance).
[16] R. Doc. No. 106-1, at 1.
[17] Louisiana also suggests that plaintiff may attempt to elicit expert testimony from Louisiana's law witnesses. *See id.* at 1-2. In the event that plaintiff attempts to do so at trial, Louisiana may timely object and the Court will consider the objection at that time and on a question-by-question basis.
[18] R. Doc. No. 138, at 4.

communicating with the deaf community."[19] However, Louisiana contends that plaintiff "did not identify him as an expert witness, nor did they produce expert disclosures for [him]."[20]

Plaintiff asserts that she did not disclose Burch as an expert witness under Rule 26(a)(2)(A), because she expected Louisiana to identify Burch as its expert.[21] It was only after Louisiana's expert disclosure deadline passed that plaintiff alleges that she learned that Louisiana had chosen not to designate Burch as its expert.[22] Louisiana counters that it had informed plaintiff at Burch's deposition that it would call Burch, if at all, as a fact witness and not as an expert witness.[23] Indeed, Louisiana has listed Burch on its witness list and has given no indication that Burch will testify as anything other than as a fact witness.[24]

Plaintiff also contends that Burch need not have produced an expert report under Rule 26(a)(2)(B), as plaintiff did not retain Burch to provide expert testimony on her behalf.[25] She further argues that Burch's deposition in this case—during which Burch was represented by counsel for Louisiana and in which Sheriff Lopinto's counsel also participated—"provided adequate notice of the subject matter on which

---

[19] R. Doc. No. 106-1, at 2.
[20] *Id.*
[21] R. Doc. No. 138, at 2 n.1.
[22] *Id.*
[23] R. Doc. No. 150, at 1;
[24] *See* R. Doc. No. 140, at 1.
[25] R. Doc. No. 138, at 2.

9

Dr. Burch is intended to testify, as well as a summary of related facts and opinions sufficient to satisfy the requirements of" Rule 26(a)(2)(C).[26]

In determining whether to preclude a party from eliciting expert testimony from a witness where the party did not comply with the terms of Rule 26, courts consider "(1) the explanation for the failure to [comply with Rule 26(a) or (e)]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Collins v. Cenac Marine Servs., LLC*, No. 16-16627, 2017 WL 4960263, at *2 (E.D. La. Nov. 1, 2017) (Africk, J.). Applying these factors in this case, the Court concludes that plaintiff may not elicit expert testimony from Burch.

Louisiana chose not to designate Burch as an expert. To permit plaintiff to circumvent Louisiana's decision would result in substantial prejudice to Louisiana, undermining its trial strategy and forcing it to prepare for an unexpected and unknown line of expert testimony less than a month before trial.

While plaintiff suggests that the deposition of Burch provides Louisiana (and Sheriff Lopinto) with adequate notice of the expert testimony that Burch may provide, the Court is not convinced. A deposition is no substitute for the specific disclosure requirements governed by Rule 26, especially given that "[t]he basic purpose of Rule 26 is to prevent prejudice and surprise." *Anders v. Hercules Offshore Servs., LLC*, 311 F.R.D. 161, 164 (E.D. La. 2015) (Africk, J.). The Court will not require Louisiana to dig through Burch's deposition to piece together as best it can

---

[26] *Id.* at 2-3.

the expert testimony that plaintiff intends to elicit from Burch. Further, such digging may prove insufficient to put Louisiana on notice as to the planned expert testimony. Plaintiff may seek to elicit expert testimony on matters not covered in the deposition.

Moreover, no later than September 8, 2017, did plaintiff learn that Louisiana did not intend to designate Burch as an expert.[27] Yet plaintiff did not then move the Court to permit it to untimely satisfy its Rule 26 obligations as to Burch. Plaintiff provides no reason why she did not do so, and no party has requested a continuance to provide time for plaintiff to meet those obligations.

The Court also points out that plaintiff has an expert who will testify as to Nelson's communication abilities.[28] Further, plaintiff will able to elicit non-expert testimony from Burch. Even assuming that the expert testimony that plaintiff wants to elicit from Burch may be important, the Court concludes that the relevant factors on balance weigh against permitting plaintiff to elicit expert testimony from Burch.

In the same motion to preclude Huffman and Burch from offering expert testimony, Louisiana also asks the Court to bar plaintiff from introducing two exhibits "as substantive expert testimony."[29] These exhibits—plaintiff's Exhibit 45 and 46—are printouts of slide decks of presentations that Burch allegedly prepared for and presented to Louisiana employees.[30] One slide deck purports to explain the Americans with Disabilities Act[31] and the other provides general background on deaf

---

[27] *Id.* at 2 n.1.
[28] *See* R. Doc. No. 143.
[29] R. Doc. No. 106-1, at 1.
[30] R. Doc. No. 138, at 4.
[31] *See* R. Doc. No. 106-2.

11

individuals, sign language, state and federal laws concerned with deaf individuals, and interpretative services.[32]

At this time, the Court has concerns regarding the admissibility of these exhibits. However, the Court will defer consideration of Louisiana's objections to them until trial, at which point the Court will be better positioned to consider their admissibility in the event that they are offered as evidence.

V.

Accordingly,

**IT IS ORDERED** that Louisiana's motions *in limine* are granted in part and deferred in part as set forth herein.

New Orleans, Louisiana, November 29, 2017.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[32] *See* R. Doc. No. 106-3.