UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NELSON ARCE, ET AL. | CIVIL ACTION |
| VERSUS | No. 16-14003 |
| LOUISIANA STATE, ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] filed by defendant, the State of Louisiana ("State"), to stay the execution of judgment pending appeal without obligation to post a supersedeas bond. Plaintiff Ana Christine Shelton ("Shelton") opposes the motion and asks the Court to require the State to post the bond as a precondition to staying the judgment.[2] For the following reasons, the motion is granted.

### I.

This case originated from a lawsuit filed on August 22, 2016 by plaintiff Nelson Arce ("Arce") against the State and Jefferson Parish Sheriff Joseph Lopinto ("Lopinto") alleging violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[3] Arce passed away in May of 2017, and Shelton, the administrator of Arce's estate and mother of his children, was substituted as plaintiff. The case proceeded to trial in December of 2017, which resulted in a finding by the jury that

---

[1] R. Doc. No. 242.
[2] R. Doc. No. 244.
[3] Arce, who was deaf, alleged that he suffered discrimination while on probation and while incarcerated at the Jefferson Parish jail because the State and Lopinto failed to provide him with auxiliary aids necessary for effective communication.

the State and Lopinto had intentionally discriminated against Arce in violation of the ADA.[4] The jury also found, however, that the discrimination had not caused Arce injury, and, therefore, it did not award him compensatory damages. Instead, the Court awarded Shelton nominal damages of $1 as to each defendant, pursuant to a stipulation among the parties regarding the amount of nominal damages.[5]

Thereafter, Shelton moved for an award of attorneys' fees and pre- and post-judgment interest. After this Court denied the motion for fees, Shelton appealed, and the U.S. Court of Appeals for the Fifth Circuit vacated the Court's order and remanded the matter for reconsideration.[6] On remand, this Court awarded Shelton $40,945.02 in attorneys' fees to be paid by the State, as well as post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961.[7] The Court also ordered the State to pay one half of the $41,396.31 in attorneys' fees and costs awarded in connection with Shelton's appeal.[8] The total judgment against the State is $61,643.18 plus applicable legal interest.

Shelton, Lopinto, and the State have each filed notices of appeal[9] of this Court's most recent judgment. Their appeals are currently pending in the Fifth Circuit.

---

[4] Pursuant to a stipulation by the parties, if the jury found that the defendant had violated the ADA, then the jury would also find that the defendant violated the Rehabilitation Act. *See* R. Doc. No. 163, at 1.
[5] *See id.*
[6] *See Shelton v. Louisiana*, F.3d 325, 331 (5th Cir. 2019).
[7] R. Doc. No. 233, at 31.
[8] *Id.* at 32.
[9] R. Doc. Nos. 235, 239 & 240.

2

## II.

Federal Rule of Civil Procedure 62(d) establishes a general rule that allows parties to obtain a stay of execution of a money judgment by posting a supersedeas bond. Fed. R. Civ. Proc. 62(d); *see Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463–64 (5th Cir. 1990). In the Fifth Circuit, the district court has discretion to depart from the rule and waive the requirement of a supersedeas bond under two circumstances:

> (1) The judgment debtor objectively demonstrates a present financial ability to facilely respond to a judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal; or
>
> (2) The judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.

*Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The party seeking waiver of the bond bears the burden to "objectively demonstrate the reasons for such a departure." *Id*.

## III.

The State asserts that it will be able to satisfy the judgment in the event of an unsuccessful appeal through the State's self-insurance fund.[10] In support of this affirmation, it has submitted the affidavit of Melissa Harris ("Harris"), the State Risk Director and Director of the Office of Risk Management ("ORM"). According to Harris, the fund has liability limits of $5,000,000.00 per occurrence, and payment for the

---

[10] *See* R. Doc. No. 242-1, at 4.

3

judgment at issue does not require legislative appropriation or legislative approval.[11] In fiscal year 2018–2019, the self-insurance fund paid over $28 million in judgments and settlements.[12]

Shelton argues that the State has not provided objective evidence of its ability to pay the judgment. Specifically, Shelton points to the lack of documentation, such as audited financial statements, net worth information, or asset statements, from the State.[13]

Shelton's objections relate more to form than to substance. Harris's affidavit, submitted in her capacity as director of ORM, confirms the State's ability to pay the judgment.[14] Contrary to Shelton's allegation that the State has not shown that the fund may be used to pay the judgment at issue, the State has conclusively stated that "the State of Louisiana will satisfy said judgment through the self-insurance fund administered by the Office of Risk Management."[15] The State has also demonstrated its ability to pay by providing the total amount that the fund has paid in the most

---

[11] R. Doc. No. 242-2, at 3 ¶ 8; 2 ¶ 5.
[12] *Id.* at 2 ¶ 7.
[13] R. Doc. No. 244, at 5.
[14] Other courts have accepted similar affidavits from governmental entities in ordering stays without requiring the posting of a supersedeas bond. *See Dominick v. Barrere*, No. 12-497, 2015 WL 7756140, at *4 (M.D. La. Dec. 1, 2015) (Brady, J.) (concluding that affidavit from ORM's State Risk Director proved State's ability to pay judgment); *Greater New Orleans Fair Hous. Action Ctr. v. St. Bernard Par.*, No. 06-7185, 2013 WL 5525691, at *1 (E.D. La. Oct. 4, 2013) (Berrigan, J.) ("The assurances regarding insurance coverage adds [sic] to the security on hand in the event the judgments become collectible.").
[15] R. Doc. No. 242-2, at 2 ¶ 4.

4

recent fiscal year. Shelton has not offered any reasons to doubt the stability of the State's financial situation.

The State contends that requiring it to post a supersedeas bond in this case, when its ability to pay the judgement is not in question, would be a waste of taxpayer funds.[16] The Court agrees and finds that this reason warrants a departure from the general rule under Rule 62(d).

V.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED**. The execution of judgment is **STAYED** pending appeal without the requirement of posting a supersedeas bond.

New Orleans, Louisiana, August 5, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. No. 242-1, at 4.