UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NELSON ARCE, ET AL. | CIVIL ACTION |
| VERSUS | No. 16-14003 |
| LOUISIANA STATE, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] filed by defendant, Jefferson Parish Sheriff Joseph Lopinto ("Sheriff Lopinto"), to stay the execution of judgment pending appeal without obligation to post a supersedeas bond. Plaintiff Ana Christine Shelton ("Shelton") opposes the motion and asks the Court to require Sheriff Lopinto to post the bond as a precondition to staying the judgment.[2] For the following reasons, the motion is granted.

### I.

This case originated from a lawsuit filed on August 22, 2016 by plaintiff Nelson Arce ("Arce") against the State of Louisiana ("State") and Sheriff Lopinto, alleging violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.[3] Arce passed away in May of 2017, and Shelton, the administrator of Arce's estate and mother of his children, was substituted as plaintiff. The case proceeded to trial in

---

[1] R. Doc. No. 252.
[2] R. Doc. No. 253.
[3] Arce, who was deaf, alleged that he suffered discrimination while on probation and while incarcerated at the Jefferson Parish jail because the State and Sheriff Lopinto failed to provide him with auxiliary aids necessary for effective communication.

1

December 2017, which concluded in a finding by the jury that the State and Sheriff Lopinto had intentionally discriminated against Arce in violation of the ADA, but that the discrimination had not caused Arce injury. Thus, the jury did not award Arce compensatory damages. The Court, pursuant to a stipulation by the parties, awarded Shelton nominal damages as to each defendant.[4] Thereafter, Shelton moved for an award of attorneys' fees and costs.[5]

With respect to Shelton's motion for attorneys' fees and costs, this Court granted Shelton's request for costs and denied her request for attorneys' fees.[6] Shelton then appealed this Court's denial of her request for attorneys' fees.

The United States Court of Appeals for the Fifth Circuit vacated this Court's denial of Shelton's motion for attorneys' fees and remanded the matter for reconsideration.[7] On remand, this Court awarded Shelton attorneys' fees in the amount of $40,945.02, assessed solely against the State, as well as post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961, beginning on the date of this Court's judgment on the merits, December 18, 2017, until judgment is paid.[8] With respect to payment for work performed by Shelton's counsel in connection with her appeal, this Court awarded Shelton attorneys' fees in the amount of $38,854.91 and costs in the amount of $2,541.40, as well as post-judgment interest at

---

[4] *See* R. Doc. No. 163, at 1 ¶ 2.
[5] R. Doc. No. 176-1.
[6] *See* R. Doc. No. 192, at 32. This Court ordered each defendant to pay one-half of Shelton's costs. *Id.*
[7] *See Shelton v. Louisiana*, 919 F.3d 325, 331 (5th Cir. 2019).
[8] R. Doc. No. 233, at 31.

2

the federal statutory rate pursuant to 28 U.S.C. § 1961, beginning on the date of the Fifth Circuit's judgment, March 26, 2019, until judgment is paid.[9] This Court ordered Sheriff Lopinto to pay one-half of the appeal-related award of fees and costs, which amounts to $20,698.15.[10]

Shelton, Lopinto, and the State have each filed notices of appeal of this Court's most recent judgment.[11] Their appeals are currently pending in the Fifth Circuit.[12]

## II.

Federal Rule of Civil Procedure 62(d) establishes a general rule that allows parties to obtain a stay of execution of a money judgment by posting a supersedeas bond. *See Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463–64 (5th Cir. 1990). In the Fifth Circuit, the district court has discretion to depart from the rule and waive the requirement of a supersedeas bond under two circumstances:

(1) The judgment debtor objectively demonstrates a present financial ability to facilely respond to a judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal; or

(2) The judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.

---

[9] *Id*. at 32.
[10] *Id*. The State was ordered to pay the remaining $20,698.16. *Id*.
[11] R. Doc. Nos. 235, 239 & 240.
[12] On August 5, 2019, this Court granted the State's motion to stay the execution of judgment pending appeal without the requirement of posting a supersedeas bond. *See* R. Doc. No. 251.

3

*Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). The party seeking waiver of the bond bears the burden to "objectively demonstrate the reasons for such a departure." *Id*.

**III.**

Sheriff Lopinto asserts that he will be able to satisfy the judgment in the event of an unsuccessful appeal through payment from a designated account at the Jefferson Parish Sheriff's office.[13] In support of this affirmation, Sheriff Lopinto has submitted affidavits from Suemarie Alizadeh ("Alizadeh"), the chief financial officer at the Jefferson Parish Sheriff's office.[14] According to Alizadeh, funds from this account, which maintains a daily balance of at least $1,000,000.00, are "readily available" to pay the judgment issued by the Court.[15]

Shelton argues that Sheriff Lopinto has not objectively demonstrated his ability to pay the judgment. Pointing to the absence of a "financial plan" and "objective information or figures" with respect to Sheriff Lopinto's current financial situation or future ability to satisfy the judgment, Shelton contends that Sheriff Lopinto has not met the *Poplar Grove* standard for a departure from Rule 62(d)'s general requirement.[16]

---

[13] *See* R. Doc. No. 255, at 3.
[14] R. Doc. Nos. 252-3 & 255-2. Sheriff Lopinto provided a supplemental affidavit from Alizadeh in addition to her initial affidavit in support of his motion. The supplemental affidavit was submitted after the Court advised the parties that the Court lacked sufficient information to resolve Sheriff Lopinto's motion based on the materials he initially submitted. *See* R. Doc. No. 254.
[15] R. Doc. No. 255-2, at 2 ¶¶ 3–4.
[16] *See* R. Doc. No. 253, at 5. The Court notes that Shelton has not responded to the supplemental affidavit of Alizadeh, which specifies the total amount available in the

4

The Court finds that Sheriff Lopinto has met his burden under *Poplar Grove*. Alizadeh's affidavit, submitted in her capacity as the chief financial officer of the Jefferson Parish Sheriff's office, confirms Sheriff Lopinto's ability to pay the judgment.[17] Contrary to Shelton's allegation that Sheriff Lopinto has not provided any information regarding the source from which he will satisfy the judgment, Alizadeh's affidavit conclusively states that "the Jefferson Parish Sheriff's Office will satisfy said judgment from the claims account" designated for such payments.[18] Sheriff Lopinto has also demonstrated his ability to pay in this case by providing the daily balance maintained in the fund, which far exceeds the amount of the judgment. Furthermore, Shelton has not offered any reason to doubt the stability of the Jefferson Parish Sheriff office's financial situation or its financial solvency.

V.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED**. The execution of judgment is **STAYED** pending appeal without the requirement of posting a supersedeas bond.

---

designated account to pay "claims and judgments such as the one rendered in these proceedings on June 4, 2019." R. Doc. No. 255-2, at 2 ¶¶ 3–4.

[17] Other courts have accepted similar affidavits from governmental entities in ordering stays without requiring the posting of a supersedeas bond. *See Dominick v. Barrere*, No. 12-497, 2015 WL 7756140, at *4 (M.D. La. Dec. 1, 2015) (Brady, J.); *Greater New Orleans Fair Hous. Action Ctr. v. St. Bernard Par.*, No. 06-7185, 2013 WL 5525691, at *1 (E.D. La. Oct. 4, 2013) (Berrigan, J.); *Burge v. St. Tammany Par. Sheriff's Office*, No. 91-2321, 2001 WL 1104640, at *2 (E.D. La. Sept. 19, 2001).

[18] R. Doc. No. 255-2, at 2 ¶ 5.

New Orleans, Louisiana, September 9, 2019.

                                            **LANCE M. AFRICK**
                                 **UNITED STATES DISTRICT JUDGE**